MALONEY v. FOOTE et al.

(Circuit Court, N. D. Georgia. April 5, 1900.)

No. 1,096.

COPYRIGHT—SUIT FOR INFRINGEMENT.

Complainant and defendants, each contemplating the publication of a directory of the same city, entered into a contract by which they agreed to share in the work of canvassing, compilation, and typesetting; complainant to first use the type after it was set, and then deliver it to defendants, who were authorized to use it in printing their directory in the same form, with certain restrictions. *Held,* that the fact that defendants, inadvertently or otherwise, failed to observe such restrictions in all cases, thereby violating the contract, afforded no ground for a suit in a federal court by complainant for infringement of copyright; he having copyrighted his directory before defendant's was issued, but after it was printed.

In Equity. Suit to enjoin infringement of copyright. On motion for temporary injunction.

Tompkins & Alston, for complainant.

Ulysses Lewis, Clyde L. Brooks, and C. W. Smith, for defendants.

PARDEE, Circuit Judge. The complainant, alleging that he has copyrighted a directory of the city of Atlanta for the year 1900, complains of the defendants for infringing his copyright. A difficulty is experienced at the outset because the complainant's case shows that, prior to his compliance with the law in regard to copyrights, the defendants had already printed and had ready for delivery the alleged infringing directory. The undisputed facts appear to be that complainant and defendants, both contemplating to publish a directory for the city of Atlanta for the year 1900, entered into a contract in which it was agreed to jointly take the canvass of residence and business portions of Atlanta, and jointly to do the compilation, typesetting, and proofreading of their respective "1900 Directories of Atlanta." The complainant was to have the first use of the type, when set, after which he was to immediately deliver it, with press proof, to the defendants for use in their directory, exactly as used in complainant's directory, except as to certain restrictions, i. e. the defendants were not to use directory of suburban towns, not to use the word "street," not to use a star indicating "married," nor to use names of white and colored separately. Both parties acted under the contract, and no complaint is made of the action under the contract up to the delivery of the type and press-proof sheets to the defendants, and it seems clear that up to this time, and even to the making up of the respective directories, there was nothing that either could copyright against the other. There is nothing in the evidence showing, or tending to show, that the defendants have in any respect copied anything from the directory copyrighted by the complainant. The case does show that in the use of the type and press-proof sheets furnished by the complainant the defendants have possibly, if not probably, through neglect and inadvertence, violated the contract, and the result is the insertion in the defendants' directory of some names which ought not to appear

therein. If it be conceded, as against the defendants, that the complainant has a valid copyright of his 1900 directory, still it is clear from the above that the defendants have not infringed it. It is only for infringement of the copyright that this court has jurisdiction, and, no case being shown in that respect, the injunction pendente lite prayed for is refused, and the restraining order is discharged.